UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

AT LAW AND IN ADMIRALTY

WANDA MOTES,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES, INC.

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, WANDA MOTES, sues the Defendant, Carnival Corporation d/b/a Carnival Cruise Lines, Inc., for damages and shows as follows:

## THE PARTIES AND JURISDICTION

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF**. The Plaintiff, Wanda Motes, is a permanent resident and citizen of Belton, South Carolina.

3. **THE DEFENDANT**. The Defendant, Carnival Corporation d/b/a Carnival Cruise Lines (Hereafter referred to as Carnival or Defendant or the cruise line) has its principle place of business in Miami, Florida. Carnival is incorporated outside the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto, Defendant owned and operated and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. §1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a State and citizens or subjects of a foreign State. This action arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. §1333. This action is being filed in the Federal District Court for the Southern District of Florida, as required by the venue selection clause in the Passenger Ticket Contract issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, personally, or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes §48.01, 48.181 or 48.193;

6. All conditions precedent for filing or maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** The incident and the acts of Defendant's negligence occurred on July 30, 2012.

8. **LOCATION OF INCIDENT.** This incident occurred on the vessel, CARNIVAL DREAM, a ship in navigable waters while the Plaintiff was a passenger aboard. Accordingly, Plaintiff's

claims are governed by the General Maritime Law. Specifically, the incident occurred in an area leading up to the tenth deck on Defendant's vessel, CARNIVAL DREAM.

9. **STATUS OF PLAINTIFF AS OF THE DATE AND TIME OF THE INCIDENT.**
At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein, and accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the passenger contract ticket. The Defendant is in possession of the passenger contract ticket or a facsimile thereof.

10. **DESCRIPTION OF INCIDENT.** The Defendant cruise lines own and operate the cruise ship, CARNIVAL DREAM. Carnival knew that the area where Plaintiff fell had various activities taking place including a waterslide. Despite knowing this area was going to get wet and slippery, Defendant did not take adequate precautions for the safety of its passengers, including failure to properly maintain the area, and to correct an unsafe hazardous condition, and failed to properly warn the Plaintiff of the hazardous condition.

CARNIVAL knew or should have known of the dangerous characteristics of the surface where Plaintiff fell when it was wet and should have treated or altered the material to make it safer. Further Carnival failed to maintain the area so that it was clean and safe and free of large puddles of water. Additionally, there was ice on the floor surface causing the area to become unreasonably slippery and dangerous.

Carnival allowed a large puddle of water to exist for extended period of time after it was deposited, or placed on the deck on the day of the incident. The water caused the surface to be slippery and extremely dangerous. Carnival knew or should have known that the particular floor is prone to have water spills because of its location near the water slide. Further, Carnival should have cleaned up and dried the area of water on the slippery surface where passengers were allowed to walk. As a result of the Defendant's negligence, Plaintiff on the day and the time of the incident walked into the area and she slipped and fell, causing serious and permanent injuries.

## COUNT I
## NEGLIGENCE

The Plaintiff, Wanda Motes, hereby adopts and re-alleges each and every allegation contained in paragraphs 1 through 10 above.

11. **DUTIES OWED BY THE DEFENDANT.** The Defendant owed a "duty to exercise reasonable care for the safety of its passengers", including the Plaintiff herein. See Hall v. Royal Caribbean Cruises, Ltd., 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No: 3D03-2132 (Fla. 3rd D.C.A. Opinion Filed July 21, 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances". See, Harnesk v. Carnival Cruise Lines, Inc., 1992 A.M.C. 1472, 1991 WL 329584 (S.D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier and places where the passenger is invited to, or may reasonably expected to visit." See, Carlisle v. Ulysses Line, Ltd., S.A., 475 So. 2d 248 (Fla. 3rd D.C.A. 1985).

12. The Defendant breached those duties and was negligent by:

a. Failure to require crewmembers to wipe down and keep areas that become wet in a dry condition;

b. Failure to warn anyone including the Plaintiff who would walk in the area where Plaintiff fell of the dangerous condition and the fact that the floor was slippery;

c. Failure to inspect for and to observe the slippery area of the floor where Plaintiff was injured.

d. Observing that the floor area where Plaintiff was injured was constantly becoming wet, and failing to wipe down and keep the area in a dry and reasonably safe condition.

e. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous such as the one in this case and allowing negligent methods of operation.

    f.    Failure to make sure the area where Plaintiff fell was maintained in a reasonably safe condition under the circumstances.

    g.    Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries.

    h.    Providing negligent maintenance to the area or to the premises.

    i.    Failing to otherwise maintain the area and the premises in a reasonably safe manner.

    j.    Failing to otherwise provide passengers with a safe place to walk.

    k.    Failing to have proper procedures in place to inspect and maintain the area where Plaintiff fell.

13.    The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referred to above in which the Plaintiff was severely injured.

14.    The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

15.    The Defendant had constructive knowledge of the dangerous condition by inter alia (a) the length of time the dangerous condition existed, (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition similar dangerous condition or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring or occurred with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

16.    In the alternative, notice to the Defendant is not required because the Defendant a. engaged in and was guilty of negligent maintenance; and/or b. engaged in and was guilty of negligent methods of operations.

17. The negligent condition was created by Defendant; and was known to Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

18. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

19. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury, resulting pain and suffering, disability, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for damages suffered as a result of the Plaintiff's bodily injury and pain and suffering, disability, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing and care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring and/or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interests, and any other damages which the Court deem just or appropriate.

RIVKIND & MARGULIES, P.A.
Attorneys for Plaintiff
Concord Building, Suite 600
66 West Flagler Street
Miami, Florida 33130
Telephone:   (305) 374-0565
Facsimile:    (305) 539-8341

By: _____
       BRETT RIVKIND, ESQ.
       FBN: 373486